# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| ROBERT BAISE, JR., | ) |
| Petitioner, | ) |
| v. | ) Case No.: 4:19-cv-00855-KOB-JHE |
| JOHNATHON HORTON, et al., | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

On January 29, 2020, the magistrate judge entered a report recommending the court grant Respondents' motion for summary dismissal and dismiss with prejudice Petitioner Robert Baise Jr.'s petition for a writ of habeas corpus as untimely. (Doc. 20). The magistrate judge further recommended the court deny Baise's motion for summary judgment. (*Id*.). Although the magistrate judge advised the parties of their right to file specific written objections within fourteen days, the court received no objections. On March 17, 2020, the court granted Respondents' motion for summary dismissal and dismissed with prejudice Baise's petition as untimely. (Docs. 22, 23).

On March 27, 2020, Baise moved for reconsideration, asking the court to reconsider its dismissal of his habeas petition as untimely because he did not receive a copy of the magistrate judge's January 29, 2020 report and recommendation and was not afforded an opportunity to file objections. (Doc. 24). The court construed

1

Baise's motion to reconsider as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) and granted the motion. (Doc. 30). The court directed the Clerk to send a copy of the magistrate judge's report and recommendation to Baise and ordered him to file objections to the report and recommendation on or before May 19, 2020. (*Id.*). On May 26, 2020, the court received Baise's objections. (Doc. 31). For purposes of this opinion, the court deems Baise's objections timely.

Baise argues that the one-year limitation under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") did not begin to run until January 4, 2018, when this court dismissed his previous federal habeas petition in *Baise v. Entrekin, et al.*, Case No. 4:17-cv-01416-KOB-JHE.[1]  (Doc. 31 at 7). Under 28 U.S.C. § 2244(d)(1)(D), the one-year period of limitation runs from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Although Baise acknowledges he was challenging the trial court's revocation of his participation in the Community Corrections program in *Baise v. Entreakin, et al.*, he alleges he obtained documents in that case that support his claims concerning his convictions at issue in the present

---

[1] Baise's two prior habeas petitions in this court did not attack the convictions at issue in this case. Instead, both petitions challenged the revocation of Baise's participation in the Community Corrections program. *See Baise v. Entrekin, et al.*, Case No. 4:17-cv-01416-KOB-JHE (dismissed without prejudice to allow Baise to exhaust state remedies); *Baise v. Estes, et al.*, Case No. 4:18-cv-00994-VEH-JHE (denied as unexhausted and not cognizable).

petition. (*Id*. at 5-6). Baise argues he could not have filed a timely federal habeas petition before receiving these supporting documents. (*Id*. at 6-7).

The documents Baise attaches to his objections that he claims he received in *Baise v. Entrekin, et al*, and support his claims appear to be state court records from his criminal proceedings. (Doc. 31 at 16-34, 38-48, 53-65). Baise does not explain what prevented him from obtaining these state court records himself to pursue a timely federal habeas claim. *See Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006) (finding petitioner failed to show he acted with diligence where there was no evidence of what efforts he undertook to attempt to timely seek federal habeas relief). Therefore, the date most relevant to this action for purposes of the AEDPA one-year limitation is the date on which Baise's convictions became final: *May 18, 2015*. (Doc. 20 at 5). Baise had one year from that date to file a federal habeas petition. He did not file a federal habeas petition challenging the convictions at issue in this case until May 28, 2019, more than three years after the statute of limitations expired. (Doc. 1 at 6). Accordingly, Baise's petition is untimely.

Baise also claims he did not file a timely federal habeas petition regarding the convictions at issue in this case because of his fear that the state trial court would retaliate against him. (Doc. 31 at 10). Baise asserts "he was not about to say or do anything else regarding the offenses knowing he was still serving a 40 year sentence in the Community Correction[s] program under [Judge] Millican's authority." (*Id*.).

3

Baise contends that when his participation in the Community Corrections program was revoked, he knew the trial court "had no way to retaliate against him" and he filed a federal habeas petition in *Baise v. Entrekin, et al.*, Case No. 4:17-cv-01416-KOB-JHE. (*Id.*).

The AEDPA limitation may be equitably tolled, but a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations and citation omitted). Baise's claim that he could not file a timely federal habeas petition because he feared the trial court would retaliate against him does not present an extraordinary circumstance. Baise's fear of retaliation amounts to no more than speculation without any supporting facts. Indeed, Baise does not allege Judge Millican threatened him in any way or otherwise indicated he would punish Baise for filing a federal habeas petition.[2]

After careful review, the court **OVERRULES** the objection.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections, the court **ADOPTS** the magistrate judge's findings and **ACCEPTS** his recommendation. Respondents' motion for summary dismissal is due to be granted and Petition

---

[2] Baise also states in his objections that the trial court wrongfully convicted him of three counts of second-degree receiving stolen property instead of one and that his guilty plea was not voluntary. (Doc. 31 at 2-4). However, these objections do not address the timeliness of Baise's petition.

Baise's petition for a writ of habeas corpus is due to be dismissed with prejudice as untimely. In addition, Petitioner Baise's motion for summary judgment is due to be denied.

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds Petitioner's claims do not satisfy either standard.

The court will enter a separate Final Judgment.

**DONE** and **ORDERED** this 11th day of June, 2020.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE